Eugene Wallace **PERRY**

v.

**A.L. LOCKHART, Director Arkansas Department of Correction.**

No. PB–C–83–275.

United States District Court, E.D. Arkansas, Pine Bluff Division.

Aug. 28, 1986.

Jeff Rosenzweig, Little Rock, Ark., for petitioner.

Jack Gillean, Asst. Atty. Gen., Steve Clark, Atty. Gen., Little Rock, Ark., for respondent.

## ORDER

EISELE, Chief Judge.

The Court has previously affirmed the petitioner's capital murder conviction and denied all of his habeas corpus claims except that dealing with the so called *"Collins* issue." It thus remains for the Court to rule upon this lone outstanding issue regarding the validity of the death sentence imposed upon petitioner.

By another order entered this day in the case of *Singleton v. Lockhart,* 653 F.Supp. 1114 (D.C.Ark.1986), the Court has analyzed at some length the Eighth Circuit decision in *Collins v. Lockhart,* 754 F.2d 258 (8th Cir.1985). It is the Court's conclusion that *Collins* controls this case as well as *Singleton* and requires the Court to find that the death sentence imposed on this petitioner is defective.

Eugene Wallace Perry was convicted in 1981 of capital felony murder under the appropriate Arkansas statute.[1] § 41–1501(1)(a). As was the case with Singleton and Collins, the underlying felony for Perry's conviction was robbery. After convicting Perry, the jury then heard evidence of aggravating and mitigating circumstances in order to determine whether it would sentence the petitioner to life without parole or to death.

During the sentencing phase, the prosecutor put into evidence documentation of a 1975 Alabama conviction of Perry for armed robbery. The defendant offered no evidence of any mitigating circumstances. Before the jury, the prosecutor argued that there were two aggravating circumstances to justify imposition of the death sentence. In addition to the prior violent crime, supported by the evidence of the 1975 Alabama conviction, the prosecutor argued "pecuniary gain:"

"Now in this case there are two aggravating circumstances. One, previous felony conviction of robbery in 1975 where he got ten years for it. He is back out here committing another one in September of '80. And two, pecuniary gain. Well obviously we have got pecuniary

---

1. The information upon which Perry was convicted alleges § 41–1501(1)(a) and § 41–1501(1)(c) as the grounds for the capital murder charge. The former section brings certain felony murders, including robbery murder, within the capital murder offense, and the latter makes it a capital murder to have killed two or more times in the same criminal episode. Proof of either robbery murder or multiple killings is sufficient to convict of capital murder and make the defendant death-eligible. Thus the Court notes that had the state not charged Perry with rob-

bery murder under § 41–1501(1)(a), and had the jury convicted him only upon the basis of his having slain two persons at the jewelry store, "pecuniary gain" would have been a permissible aggravating circumstance. As it is, however, instructions were given to the jury informing the jurors that they could convict Perry of capital murder by way of either § 41–1501(1)(a) or § 41–1501(1)(c). [T. at 3415]. Thus there is no way of knowing for sure whether the jury relied upon either the robbery murder or the multiple killings, or both, to find guilt.

gain in this thing, because you have got a hundred thousand dollar loss of jewelry."

[T. at 3253]

The jury found that both of these aggravating circumstances existed beyond a reasonable doubt; that there were no mitigating circumstances; that the aggravating circumstances justified imposition of the death sentence; and that Perry should be executed.

■ The prosecutor's presumption that the pecuniary gain circumstance had to be obvious to the jury, since the jurors had already found that the defendant committed robbery, goes to the heart of the *Collins* holding. *Collins* precludes the use of the "pecuniary gain" aggravating circumstance when the capital felony conviction itself entails pecuniary gain as an essential element of the crime. *Collins* at 264. Because Perry was convicted of robbery murder, the fact of pecuniary gain is automatically established with the conviction. Subsequently offering it as one of two aggravating circumstances that allegedly indicate to the jury that this particular robbery murder warrants a death sentence ignores the fact that all robbery murders involve pecuniary gain. Thus, this aggravating circumstance does not serve the purpose of distinguishing some robbery murders from others. The result, as articulated by the Eighth Circuit in *Collins,* is that the imposition of the death sentence will not satisfy constitutional requirements:

Aggravating circumstances, in order to comply with the Eighth Amendment, must "genuinely narrow the class of persons eligible for the death penalty and ... reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder." [quoting *Zant v. Stephens,* 462 U.S. 862, 103 S.Ct. 2733, 2742–43, 77 L.Ed.2d 235 (1983)]. An aggravating circumstance is an objective criterion that can be used to distinguish a particular defendant on whom the jury has decided to impose the death sentence from other defendants who have committed the same underlying capital crime. Aggravating circumstances serve to reduce

the danger that the death penalty will be wantonly or arbitrarily imposed, a danger that was uppermost in the Court's mind when *Furman v. Georgia,* [408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346] [citation omitted] was decided. Thus, in *Godfrey* [*Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980)] the court struck down an aggravating circumstance that was so vaguely and generally worded that it failed to narrow the class of persons eligible for the death penalty.

\*    \*    \*    \*    \*    \*

... [A]n aggravating circumstance which merely repeats an element of the underlying crime cannot perform this narrowing function.... Therefore, the pecuniary gain aggravating circumstance cannot be a factor that distinguishes some robber murderers from others. *Collins* at 263–264.

Pecuniary gain was one of the two aggravating circumstances found by the jury in Perry's case. Since there is no way to discern the relative impact of this circumstance upon the jurors' ultimate decision to execute the petitioner, invalidating the use of pecuniary gain in this case means that the entire sentencing process must be voided.

■ Adopting by reference the same analysis which the Court has today articulated in *Singleton,* the Court finds no merit to any of the procedural arguments raised by the respondent. More particularly, the Court finds that the "novelty" of the pecuniary gain argument at the time of Perry's trial was sufficient to provide "cause" for his failure to raise this question. *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984). And, although Perry was sentenced in 1981 and *Collins* was not decided until January of 1985, the Court finds no bar to the application of the Eighth Circuit decision in the instant case.

In sum, the Court concludes that the death sentence imposed on Eugene Perry was arrived at unconstitutionally because the jury may have relied upon its finding that the petitioner had a pecuniary motive

for committing the crime, a fact which is necessarily true in all cases of capital felony murder involving robbery. Thus the current death sentence imposed on Perry must be set aside. The state may, however, if it chooses, resentence Perry, relying on the remaining aggravating circumstance and any others which it might be able to prove.

It is therefore ORDERED that the state either resentence the petitioner within 120 days of this order, or reduce his sentence to life without parole. It is further ORDERED that the state shall notify the Court of its intention in this regard within 45 days of this order.